1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10

11   EXOTICAR INTERNATIONAL AUTO           Case No.:  3:19-CV-0319-CAB-BLM
     SALES, LLC; ROBERT LEE
12   CHILDRESS,                            **ORDER:**
     Booking #25851-039,
13                                         **1)  GRANTING MOTION TO**
14                            Plaintiff,   **PROCEED IN FORMA PAUPERIS**
                                           **[ECF No. 2]**
15              vs.

16                                         **AND**
17   KRAIG PALMER.
                                           **2)  DISMISSING PLAINTIFF**
18                            Defendants.  **EXOTICAR INTERNATIONAL**
                                           **AUTO SALES, LLC**
19

20

21

22         Robert Lee Childress ("Plaintiff"), a pretrial detainee currently housed at the Otay

23   Mesa Detention Center, located in San Diego, California has brought a civil rights action

24   pursuant to 42 U.S.C. § 1983, along with Plaintiff "Exoticar International Auto Sales,

25   LLC."  (ECF No. 1.)  Plaintiff Childress has also filed a Motion to Proceed In Forma

26   Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

27   / / / /

28   / / / /

                                           1

## A. Plaintiff's IFP Motion

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ S. Ct. __, 136 S. Ct. 627, 629 (U.S. 2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2014). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

In support of his IFP Motion, Plaintiff Childress has submitted a certified copy of his inmate trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. His trust account statement indicates he has insufficient funds from which to pay a partial initial filing fee at this time. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.").

Therefore, the Court grants Plaintiff leave to proceed IFP and directs the Warden for the Otay Mesa Detention Center to collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1). *See id.*

**B.    Representation of other parties**

Plaintiff purports to bring this action on behalf of Plaintiff Exoticar International Auto Sales, LLC.  However, because Plaintiff is proceeding pro se, he has no authority to represent the legal interest of any other party.  *See Cato v. United States*, 70 F.3d 1103, 1105 n.1 (9th Cir. 1995); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987); see also Fed.R.Civ.P. 11(a) ("Every pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's original name, or if the party is not represented by an attorney, shall be signed by the party.").   Therefore, Plaintiff Exoticar International Auto Sales, LLC is DISMISSED from this action.

**C.    Conclusion and Order**

Good cause appearing, the Court:

1.    **GRANTS** Plaintiff Childress's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

/ / /

2. **DIRECTS** the Warden for the Otay Mesa Detention Center, or their designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Warden, Otay Mesa Detention Center, P.O. Box 439049, San Diego, California 92143-9049.

4. **DISMISSES** Plaintiff Exoticar International Auto Sales, LLC from this action and directs the Clerk of Court to terminate this party from the Court's docket.

5. The Court will issue a separate order sua sponte screening Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b).

**IT IS SO ORDERED**.

Dated: May 10, 2019

_____
Hon. Cathy Ann Bencivengo
United States District Judge

4