UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LEE CHILDRESS, JR., No. 25851-039,<br><br>                          Plaintiff,<br><br>    vs.<br><br>KRAIG PALMER,<br><br>                          Defendant. | Case No.: 3:19-cv-0319 CAB (BLM)<br><br>**ORDER DISMISSING COMPLAINT PURSUANT**<br>**TO 28 U.S.C. § 1915(e)(2) AND**<br>**§ 1915A(b)(1)** |

      On February 13, 2019, Robert Lee Childress ("Plaintiff"), currently housed at the Otay Mesa Detention Center located in San Diego, California, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff also filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) which was GRANTED by the Court on May 10, 2019. (ECF Nos. 2, 5.)

**II.    Sua Sponte Screening per 28 U.S.C. § 1915(e)(2) and § 1915A**

    A.    <u>Standard of Review</u>

      Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these

statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citations omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B. Plaintiff's Factual Allegations

Plaintiff alleges that he is the "owner and founder of Exoticar International Auto Sales." (Comp. at 2.) Plaintiff claims to own several vehicles which he alleges were "searched and seized" by Defendant Palmer. (*Id.*)

Plaintiff alleges that "[o]n October 4, 2016, Palmer "illegally searched and seized in 'bad faith'" several of his vehicles "without a warrant." (*Id.* at 3.) In addition, he claims Palmer "obtained a federal search and arrest warrant in 'bad faith' for bank fraud." (*Id.*) On November 2, 2016, Plaintiff "was federally indicted for wire fraud." (*Id.*) His criminal defense attorney "filed a motion to preserve all evidence seized with and without a warrant" which was granted by the court. (*Id.*) However, Plaintiff alleges Palmer "was secretly disposing of the property without Plaintiff's consent, authorization or knowledge." (*Id.*)

Plaintiff seeks $14,875,000 in compensatory damages and $7,312,000 in punitive damages. (*Id.* at 4.)

C.   Duplicative claims

These are claims that are duplicative of those Plaintiff previously raised in *Childress v. Palmer, et al.*, S.D. Civil Case No. 3:18-cv-00514-CAB-BLM ("*Childress I*") A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)). A prisoner's complaint is considered frivolous if it "merely repeats pending or previously litigated claims." *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (construing former 28 U.S.C. § 1915(d)) (citations and internal quotations omitted).

In *Childress I*, Plaintiff claimed that on "October 4, 2015, FBI Agency Kraig Palmer illegally searched and seized" his vehicles "without a warrant." (*Childress I*, Compl., ECF No. 1 at 3.) In addition, Plaintiff alleged that he "just learned that [his] property, illegally searched and seized" had been "disposed of without 'notice' or [his] consent." (*Id.* at 5.) These claims are virtually identical to the claims Plaintiff has brought in this action and are against the same Defendant.

Therefore, because Plaintiff already filed an action with identical claims presented in the instant action, the Court must dismiss the duplicative claims brought in this action

pursuant to 28 U.S.C. § 1915(e) (2) & 1915A(b). *See Cato*, 70 F.3d at 1105 n.2; *Resnick*, 213 F.3d at 446 n.

### III.     Conclusion and Order

Accordingly, the Court:

1)     **DISMISSES** Plaintiff's Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b);

2)     **DENIES** leave to amend as futile, *see Lopez*, 203 F.3d at 1127; *Schmier v. U.S. Court of Appeals for the Ninth Circuit*, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing "[f]utility of amendment" as a proper basis for dismissal without leave to amend);

3)     **CERTIFIES** that an IFP appeal of this dismissal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and

4)     **DIRECTS** the Clerk to enter a final judgment and close the file.

**IT IS SO ORDERED**.

Dated:  September 26, 2019

_____
Hon. Cathy Ann Bencivengo
United States District Judge